# M.

## Case No. 8,652.

MAAS v. The PEDEE.

[39 Hunt, Mer. Mag. 330.]

SHIPPING — NONDELIVERY OF CARGO — CRIPPLED CONDITION—POWER OF MASTER TO SELL—PERISHING CONDITION.

[1. A vessel is not responsible for the nondelivery of a cargo pursuant to the bills of lading where she puts into port in a crippled condition, owing to the disabling of her crew from disease.]

[2. The master has authority in law, where the cargo is in a perishing condition, to cause the same to be sold at public auction, if he acts bona fide and under evidence showing a stringent necessity at that time for so doing.]

[3. The master, having put into a port of necessity, finding his cargo of hides filled with vermin and in a perishing condition, is justified, acting under competent advice, in selling it at public auction.]

[This was a libel in rem by Ferdinand Maas against the schooner Pedee for failure to deliver goods under the terms and conditions of a bill of lading.]

This was an action brought to recover for the nondelivery of 553 hides, shipped at Aspinwall on July 2, 1855, under a bill of lading consigning them to the libelant at this port. The schooner left Aspinwall well manned and provided, but the crew were soon disabled by disease, and she was blown on the coast in almost a helpless condition, but was at last got into Carthagena in a crippled condition. A portion of the hides were found filled with vermin, and in a perishing condition. A survey was called on the cargo by the master of the schooner, under the advice of the American consul and resident merchants conversant with the trade. A sale of the hides was advised, as being in a perishing condition. The master decided that to be the best course for the interest of the owners of the hides and the ship, and they were accordingly sold at auction. After being cleaned and prepared, they were shipped to New York, and brought, on sale, a considerable advance on the auction price.

HELD BY THE COURT (BETTS, District Judge): That the run of the schooner to Carthagena, and her detention there, were the result of inevitable necessity, and the vessel is not responsible to the libelant for nondelivery of the cargo, pursuant to the bills of lading, arising from that cause. That the auction sale was made in good faith by the master, and under the urgency of an apparently extreme necessity. That the master has authority in law to cause cargo in his charge, being in a perishing condition, and which he is unable otherwise to save or transmit pursuant to the contract of affreightment, to be sold at public auction for the benefit of whom it may concern, if he acts bona fide and under evidence showing a stringent necessity for so doing. The reality of the peril or urgency which can justify a master in such an act is not to be determined by the after results. That the master becomes in such a case, by implication, clothed with power, if acting in entire good faith, to sell either ship or cargo, or both; and his acts in so doing will be upheld by the law, if upon all the facts before him it may be reasonably supposed a prudent owner personally present would have directed or approved the sale. That on the facts the master was justified in ordering the sale of the hides in question. Libel dismissed, with costs.